UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL GEOVANNY MEJIA, | Civil Action No. 25-17094 (RK) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| ALEXANDER CABEZAS, et al., | |
| Respondents. | |

This matter comes before the Court on a counseled Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by Manuel Geovanny Mejia. (ECF No. 1.) For the reasons explained below, the Petition is GRANTED. Respondents shall provide Petitioner with a bond hearing before an immigration judge as soon as practicable, but no later than 7 days from the date of this Memorandum & Order.

Respondents have stipulated to the following facts. (*See* ECF No. 12, Respondents' Status Letter at 1 n. 1.) Petitioner is a citizen of Ecuador who entered the United States on or about October 10, 2023, near the Arizona border. (ECF No. 1-1, Notice to Appear at 1.) On October 13, 2023, he was issued a Notice to Appear under 212(a)(6)(A)(i) of the Immigration and Nationality Act, which found him removable as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) Petitioner was subsequently "released under 8 U.S.C. § 1226 following an individualized custody determination by ICE" and "was not paroled under 8 U.S.C. § 1182(d)(5) at the time of entry." (ECF No. 1, Petition at ¶ 10.)

Petitioner sought asylum on the basis of political persecution and has an individual hearing scheduled for April 25, 2029. (Petition at ¶¶ 4, 10; ECF No. 1-2, Notice of In-Person Hearing.) He has been fully compliant with immigration supervision since his release approximately three years ago and has no criminal convictions or history of violence or dangerous conduct. (*Id.* at ¶¶ 10, 12.)

On October 22, 2025, Petitioner appeared voluntarily for a regularly scheduled check-in and was detained by ICE and taken to Delaney Hall in Newark, New Jersey; he was detained at Delaney Hall when he filed his Petition on October 31, 2025. (*Id.* at ¶ 11.) Petitioner was moved out of Delaney Hall on the evening of November 10, and was transferred to Texas and Arizona. (ECF No. 6, Notice of Motion at 1.)

On November 13, 2025, Petitioner's counsel filed a Motion for a Temporary Restraining Order ("TRO") seeking to enjoin Petitioner transfer from Delaney Hall in Newark, New Jersey, or to direct respondents return him to this District. (ECF No. 6.)

On November 14, 2025, the Court held a conference with the parties to address the emergent application. During the conference, the Court granted the TRO in part pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a) and temporarily enjoined Respondents from removing Petitioner from the United States or from his current detention facility in the District of Arizona. The Court also required Respondents to confirm that Petitioner remained detained within the District of Arizona, and provide the name of his current detention facility and the statutory basis for his detention. The Court deferred issuing an order to answer until it received that

information and the parties conferred and attempted to resolve the matter.[1] The Court entered an Order to memorialize its decision. (ECF Nos. 10-11.)

Respondents filed a status letter confirming Petitioner's detention facility and, as noted above, stipulated to relevant facts set forth in the Petition. (*See* ECF No. 12 at 1, n.1.) In their status letter, Respondents also contend that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and that they intend to rely on the same legal arguments they have made in other cases in this District. (*Id.* at 1.) In those cases, Respondents rely on the Department of Homeland Security's ("DHS") new policy, which interprets INA § 235, 8 U.S.C. § 1225(b)(2)(A) to require mandatory detention of noncitizens who entered the United States without admission or inspection and makes them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Courts in this District, however, have rejected Respondents' new interpretation of 8 U.S.C. § 1225(b)(2)(A). In *Rivera Zumba v. Bondi*, Civ. No. 25-cv-14626, 2025 WL 2753496, at *7-9 (D.N.J. Sept. 26, 2025) (KSH), the District Court analyzed the plain language of 8 U.S.C. § 1225(b)(2)(A) and found that it applies only to noncitizens who are inspected by immigration officials at or near the border or its functional equivalent and not to noncitizens who entered the United States without admission or inspection and were later arrested within the interior of the United States. The District Court further noted that "for nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States" and observed that the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) "explicitly

---

[1] The parties are not able to resolve the matter without the Court's intervention. (*See* ECF No. 13, Petitioner's Status Report at 1.)

3

adopt[ed] this distinction, describing § 1225 as the detention statute for noncitizens affirmatively 'seeking admission' into the United States, and § 1226 as the detention statute for noncitizens who are 'already in the country.'" *Id.* at \*9 (citing *Jennings*, 583 U.S. at 289). The District Court in *Rivera Zumba* further held that the petitioner, who was arrested by ICE in the interior of the United States and had no criminal history, could only be discretionarily detained under 8 U.S.C. § 1226(a), which provides for individualized bond hearings before an immigration judge who must assess flight risk and dangerousness. *See id.* at \*6, \*11. This Court finds the District Court's reasoning in *Rivera Zumba* highly persuasive.

Other courts in this District have likewise rejected Respondents' broad view of 8 U.S.C. § 1225(b)(2)(A) and granted habeas relief to individual petitioners seeking release or a bond hearing under 8 U.S.C. § 1226(a). *See, e.g., Buestan v. Chu*, No. 25-16034, 2025 WL 2972252, at \*1 (D.N.J. Oct. 21, 2025) (MEF); *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at \*9 (D.N.J. Oct. 22, 2025) (CPO); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at \*7 (D.N.J. Oct. 23, 2025) (JKS); *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296, at \*9 (D.N.J. Oct. 23, 2025) (EP); *Patel v. Almodovar*, No. 25-15345, 2025 WL 3012323, at \*4 (D.N.J. Oct. 28, 2025) (SDW); *Ayala Amaya v. Bondi*, No. 25-cv-16428, 2025 WL 3033880, at \*3 (D.N.J. Oct. 30, 2025) (ESK); *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588, at \*9 (D.N.J. Nov. 3, 2025) (EP); *Lopez v. Noem*, No. 25-16890, 2025 WL 3101889, at \*3 (D.N.J. Nov. 5, 2025) (SDW); *Vicens-Marquez v. Soto*, No. 25-16906, 2025 WL 3097496, at \*2 (D.N.J. Nov. 6, 2025) (KSH); *Naula v. Noem*, No. 25-16792, 2025 WL 3158490, at \*3 (D.N.J. Nov. 12, 2025) (SDW); *Vasquez Lucero v. Soto*, No. 25-16737 (MCA), 2025 WL 3240895, at \*2 (D.N.J. Nov. 20, 2025).

As Respondents acknowledge, courts in this District have also ordered relief without requiring a formal answer in cases where the parties have stipulated to the relevant facts and legal

4

**ORDERED** that, within 3 business days of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court.

ROBERT KIRSCH
United States District Judge

6